ROY UPHAM, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 16105.   Promulgated June 7, 1929.

*Franklin M. Tomlin, Esq.,* for the petitioner.
*Bruce A. Low, Esq.,* for the respondent.

951

### OPINION.

SMITH: The petitioner claims the deduction of the traveling expenses paid in 1920 and 1921 either as ordinary and necessary expenses or as contributions to the corporations with which he was connected. It is alleged by the petitioner that the amounts of the traveling expenses did not in either year exceed 15 per cent of his taxable income. It is, therefore, unimportant to determine whether they were ordinary and necessary expenses of the petitioner's business or whether they were contributions. So far as the year 1920 is concerned we think that they were legal deductions from gross income within the decisions of the Board in *Marion D. Shutter*, 2 B. T. A. 23; *Alexander Silverman*, 6 B. T. A. 1328; *Cecil M. Jack*, 13 B. T. A. 726; and *J. Bentley Squier*, 13 B. T. A. 1223. The petitioner was apparently entitled to reimbursement for traveling expenses of 1921. He did not, however, elect to claim reimbursement. The amounts constituted contributions to the American Institute of Homeopathy. The evidence shows that this was a corporation organized and operated exclusively for scientific or educational purposes and that no part of its net earnings inured to the benefit of any private stockholder or individual. The amounts paid, therefore, constitute a legal deduction from gross income under section 214(a)(11) of the Revenue Act of 1921.

*Judgment will be entered under Rule 50.*